IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHARITY VANESSA HATHORN,** § § § **Plaintiff,** § § **v.** § § **COMMISSIONER OF SSA, KILOLO KIJAKAZI;** § § § **Defendant.** § § | CIVIL ACTION NO. 6:23-CV-00302-JCB |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff Charity Hathorn's unopposed application for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 17.) The application has been referred to the undersigned. (Doc. No. 19.) Upon consideration, the court **RECOMMENDS** that Plaintiff's application (Doc. No. 17) be **GRANTED** as set forth herein.

**LEGAL STANDARD**

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean*, 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur"

1

attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

## DISCUSSION

Plaintiff filed this case on June 16, 2023, pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) Thereafter, the Commissioner filed an unopposed motion to remand (Doc. No. 14), and on January 5, 2024, this action was remanded to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) on the grounds set forth in the Commissioner's unopposed motion. (Doc. No. 15.) The court entered final judgment on the same day. (Doc. No. 16.) Thereafter, on April 1, 2024, Plaintiff filed the instant application seeking an award of attorney's fees under the EAJA. (Doc. No. 17.) The application is unopposed. *Id.*

The court finds that an EAJA award is appropriate in this case as Plaintiff was the prevailing party in this action (Doc. Nos. 15, 16), there is no evidence to suggest the Commissioner's position was substantially justified, and Plaintiff timely filed a fee application. Specifically, Plaintiff timely filed her fee application on the eighty seventh day from the court's entry of final judgment on January 5, 2024. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing § 2412(d)(2)(G)) ("the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *see also* Fed. R. App. Pro. 4(a)(1)(B)(iii) ("[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is … a United States officer or employee sued in an official capacity.") Here, because one of the parties is a United States officer sued in an official capacity as Commissioner of the Social Security Administration, the parties had 60 days from the court's entry of final judgment to file a notice of appeal—the point at which the court's entry of final judgment would become a

2

nonappealable "final judgment" for EAJA filing purposes. § 2412(d)(2)(G). Plaintiff had 30 days thereafter to file her application, *see* § 2412(d)(1)(B), and Plaintiff's application filed on April 1, 2024, was therefore timely filed for EAJA purposes.

Having found that an EAJA fee award is appropriate, the court turns to the amount of fees requested. Here, Plaintiff requests an EAJA fee in the amount of $5302.19 for 26.1 hours of time worked on this case in 2023. (Doc. Nos. 17, 18-2.) Plaintiff cites reasonable attorney hourly rates of $233.94 for 2023. (Doc. No. 18-1.) Plaintiff argues that the hourly rates are reasonable by citing to the increase in the Consumer Price Index for all urban consumers South Class B/C. (Doc. No. 18-1.) As to the hourly rate, this court has historically applied an annual approach for computing cost-of-living adjustment based upon the Consumer Price Index. *See Perales v. Casillas*, 950 F.2d 1066, 1074–79 (5th Cir. 1992) (finding cost-of-living adjustment should be applied on an annual basis under the EAJA); *see also Cunningham v. Comm'r Soc. Soc. Admin.*, No. 9:10-cv-148, 2013 WL 3337293, at *2 (E.D. Tex. July 1, 2013). The Consumer Price Index ("CPI") for all urban consumers for all South Size Class B/C lists an annual cost of living factor as 187.155 for 2023. (*See* U.S. Bureau of Labor and Statistics CPI for All Urban Consumers (CPI-U), Series ID: CUURN300SA0, available at https://data.bls.gov/pdq/SurveyOutputServlet). Although March 1996 is not reported, December 1996 is listed as a cost-of-living factor of 100. (Doc. No. 18-1.) Thus, the appropriate hourly rate adjusted for cost-of-living can be found by subtracting the 1996 December cost of living factor, 100.00, from the annual cost-of-living factors for 2023. The difference is then divided by 100.00, resulting in a quotient that represents the increase in the cost-of-living. Multiplying the quotient by the original $125 maximum from 28 U.S.C. § 2412(d)(2)(A) yields a product of an adjusted hourly rate. Carrying out this computation results in an adjusted

hourly rate of $233.94 for 2023. As such, the court finds Plaintiff's requested adjusted rate of $233.94 for 2023 to be reasonable.

As to the number of hours worked, Plaintiff's counsel has submitted a declaration of hours worked as well as an itemized billing ledger with descriptions of the work performed and the corresponding hours. (Doc. No. 18-2.) Plaintiff seeks an additional 2.4 hours for the time spent in preparing the instant application. *See Quezada v. Com'r, Soc. Sec. Admin.*, No. 6:10-CV-672, 2012 WL 13163548, at *4 (E.D. Tex. Dec. 17, 2012) (finding two hours reasonable for preparing EAJA application and compensable under the Act). Having reviewed these submissions, the court does not find the total of 20.1 hours worked in connection with this matter in 2023 to be unreasonable.

Plaintiff also seeks 6 hours of time worked by paralegals in this case at the rate of $100 per hour. The work of a paralegal is reimbursable under the EAJA, provided that it is legal rather than clerical. *See Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008); *see also Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). In this case neither party disputes, and the record reflects, that the work performed by the paralegals was legal in nature, not clerical. (Doc. No. 18-4.) Further, the court does not find the 6 hours worked by the paralegal in connection with this matter to be unreasonable, or the rate of $100 per hour to be unreasonable. *See Nkenglefac v. Garland*, 64 F.4th 251 (5th Cir. 2023) (finding the hourly rate of $100 for work performed by paralegal in immigration proceeding was appropriate in calculating prevailing party's attorney fee award under EAJA); *Brown v. Saul*, No. 3:18-CV-0190-BH, 2019 WL 7756079, at *3 (N.D. Tex. Oct. 2, 2019) (finding the rate of $95.00 per hour to be reasonable for paralegal work performed in a social security case in Texas between 2017 and 2019).

Thus, the court finds an EAJA fee in the amount of $5,302.19 representing 26.1 hours worked in this case (20.1 hours x $233.94 = $4,702.19 (counsel)) + (6 hours x $100 = $600 (paralegal)) to be reasonable in this case.

## CONCLUSION

For the reasons stated herein, the court finds a reasonable fee award for the hours worked in this case is $5,302.19. Accordingly, the court **RECOMMENDS** that Plaintiff's application (Doc. No. 17) be **GRANTED** and that the Commissioner pay to Plaintiff the sum of $5,302.19 in fees pursuant to EAJA, 28 U.S.C. § 2412(d), by making the payment payable to Plaintiff and sending the payment to Plaintiff's counsel.

**So ORDERED and SIGNED this 12th day of April, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE